11 N.J. Super. 357 (1951)
78 A.2d 310
HOUSTON PETROLEUM CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
AUTOMOTIVE PRODUCTS CREDIT ASSOCIATION, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 15, 1951.
*358 Messrs. Koestler & Koestler (Mr. Melvin J. Koestler appearing), attorneys for plaintiff.
Messrs. Stein & Stein (Mr. William C. Nowels appearing), attorneys for defendant.
STEIN, J.S.C.
Plaintiff, Houston Petroleum Co., a corporation, by this action seeks injunction and specific performance of an agreement creating covenants restricting the use of property in the City of Linden. The matter is before me on final hearing.
Lotta D. Byrnes and others, trading as Byrnes Realty Company, the owners of a large tract of land situate in Linden, on April 15, 1947, entered into an agreement with the City of Linden imposing covenants and restrictions upon said lands. The property consisted of approximately 34 acres in area and fronted on New Jersey State Highway Route No. 25 for a distance of about 2,000 feet.
The portion of the provisions of said agreement here pertinent reads:
"5. When any building shall be constructed upon any portion of said lands and premises, the owner of the portion of the land on which such building is constructed shall cause that portion of said land owned by him and lying between the Northerly line of the right-of-way of State Highway No. 25 and the seventy-five (75) foot setback line hereinbefore provided for to be seeded and suitably planted, excepting, however, *359 such part of said area (not to exceed fifty (50%) per cent thereof) as shall be constructed as and used for driveways and parking space."
These covenants and restrictions were to become effective as and when the above described lands and premises are reclassified so that the same shall come within and be subject to the provisions of section 6-E (light industrial district) of the zoning ordinance of the City of Linden, and shall continue in force and effect so long as said premises shall be zoned and used for light industry, subject to the following limitations:
"(a) Said covenants and restrictions may be released or modified at any time by agreement in writing between the City of Linden and the owner or owners of all or all portions of said lands and premises.
"(b) Said covenants and restrictions shall terminate on April 1, 1977."
On the same day the agreement bears date it was submitted to the City Council of Linden, and a resolution authorizing the execution of the agreement was passed, after which the premises in question were rezoned and classified for light industry. The entire tract was later acquired by Macner Realty Company, and it became the common grantor of plaintiff and the defendant.
On July 1, 1949, the City of Linden modified the restriction for the Macner Realty Company with respect to a parcel of land described therein commencing 1,322.75 feet northeasterly from Woodlawn Avenue and fronting 300 feet on the highway from that portion of the restriction which required that when a building shall be constructed on any portion of the premises the owner of such premises shall cause that portion of the land lying between the line of the highway and the 75-foot setback line "to be seeded and suitably planted, excepting, however, such part of said area (not to exceed fifty (50%) per cent thereof) as shall be constructed as and used for driveways and parking space."
The agreement of July 1, 1949, modifying the restrictions provided that such requirement should not apply to the particular *360 300-foot lot therein described, but provided that the remaining portion of the premises described in the agreement shall be subject to all of the covenants, agreements and requirements of the agreement to the same extent as if such modification had not been made.
The agreement modifying was made for the benefit of one Morton Sand who was about to purchase and did purchase the portion of the property released from the restrictions admittedly on August 1, 1949, as the agent of the plaintiff, Houston Petroleum Co., and who later on March 31, 1950, conveyed to the plaintiff the premises so released from the restriction.
The plaintiff in the latter part of 1949 caused a large gasoline service station to be erected and constructed on the 300-foot lot so released, and in April, 1950, purchased from the Macner Realty Company additional land fronting 100 feet on the New Jersey State Highway No. 25 and obtained deed therefor May 16, 1950.
On June 27, 1950, Alfred L. Garfall likewise obtained a modification of said restrictions in the portion thereof hereinbefore quoted from the City of Linden.
Plaintiff learned that the defendant was intending to purchase premises fronting on Highway No. 25 immediately adjoining its property on the northeast, and ascertained that the defendant intended to apply for a modification of the restrictions with respect to the land which it intended to acquire. Thereupon plaintiff notified the City of Linden and the Macner Realty Company by registered mail that the agreement could only be modified by agreement in which "the owner or owners of all or all portions of said lands and premises" joined.
On June 19, 1950, the City of Linden entered into an agreement with defendant, Automotive Products Credit Association, Inc., releasing and modifying the restrictions of April 15, 1947, from the provision "that the 75' setback area shall be seeded and suitably planted and that the driveways and parking space in said area shall not exceed 50% thereof." The building inspector of the City of Linden on application *361 to him on July 11, 1950, granted the defendant a building permit to construct a large gasoline service station in conformity with plans and specifications submitted. Plaintiff did not enter into any of the modifications of restrictions herein recited.
It is the contention of the plaintiff that the agreement of April 15, 1947, and the modification of the restriction granted to the Macner Realty Company on July 1, 1949, were an inducing factor in the purchase of the 300-foot frontage lot by Sand from the Macner Realty Company, because with the existing restrictive covenant appearing in said agreement and the modification thereof, the land purchased by Sand was readily usable for a large gasoline service station, and the remainder of the tract with its restrictive frontage could not be advantageously used for a gasoline station by anyone else, and asserts that to permit the defendant to build and maintain a gasoline service station will cause plaintiff damage and the loss of profits in the operation of its business. The defendant proceeded with its building and the installation of a gasoline station and the work has been practically completed.
Plaintiff's right to the relief claimed depends wholly on the question whether or not the said restrictive covenant was imposed for the benefit or protection of itself or its predecessors in title. The plaintiff itself was not a party to the agreement by which the restrictive covenant was created and imposed and can claim nothing under it unless that covenant was clearly intended for the benefit of the then owners who entered into the 1947 agreement with the City of Linden and for their successors in title. Such purpose, designed both to benefit and bind all subsequent purchasers, is what is commonly known as a general or community restrictive scheme or plan. Where such scheme or plan is established, it is not only binding upon the owner who subjects his lands to the stated restricted use but also upon every subsequent owner whose title is derived from the common grantor. Every such purchaser has a recognized property right in the covenant and in the integrity and observance thereof and may restrain its violation. Such a general or community scheme may, *362 however, possess certain qualifications and features which would make the foregoing principles inapplicable. Such a qualification is here present in the power reserved in the 1947 agreement to release or modify the restrictive covenants therein contained. Although the provision in the agreement is that the release or modification must be by the written agreement between the City of Linden and the owner or owners of all or all portions of the lands and premises subject to the restriction, yet it follows that if a portion of those lands be once freed of the restriction it is as though those lands were not originally included in the restrictive scheme and the owner of the released portion is no longer interested in the restriction in so far as it still binds unreleased lands. This result follows, pro tanto, where the action taken is not one of release but one of modification only. The modification here obtained for the benefit of plaintiff's lands operated, in respect of the modifying matter, to remove those lands from the general scheme and the operation of the covenant. With respect to like modification for other lands, the plaintiff, by taking the modifying agreement for its own lands, became a stranger to the restrictive covenant and its consent to like modification for the benefit of others is no longer needed. Plaintiff's complaint is therefore without merit and injunctive relief will be denied.
It is not intended by anything said in this opinion to construe the 1947 agreement as one requiring the assent of all owners to any release or modification of the restriction. That is plaintiff's claim and its theory of action. That point is not passed upon, but assuming the point as a premise, I hold that when the plaintiff freed itself from certain aspects of the restriction, it became a stranger to those aspects when other property owners sought and obtained the like freedom.
Present judgment.